# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Detention of:<br><br>J.B.<br><br>Appellant. | No. 54622-1-II<br><br>UNPUBLISHED OPINION |

LEE, C.J. — J.B. appeals the superior court's involuntary commitment order, arguing that the superior court's findings of fact are not supported by substantial evidence and that the superior court's findings of fact do not support the conclusion that J.B. is gravely disabled. We affirm.

## FACTS

J.B. fatally shot his father with a crossbow in 1988, and has been has been committed at Western State Hospital (WSH) since. Most recently, in December 2019, the State filed a petition for an additional 180 days of involuntary treatment alleging that J.B. continued to be gravely disabled.

Dr. Debra Burnison, a staff psychologist at WSH, testified at J.B.'s commitment hearing. Dr. Burnison testified that she has known J.B. for over a year, reviewed his records, and spoken extensively with J.B.'s treating psychiatrist. Dr. Burnison explained that J.B. declined a status examination. Dr. Burnison diagnosed J.B. with continuous schizophrenia that was a severity 4 "given the nature of his delusions and the threats that he makes because of them." Verbatim Report of Proceedings (VRP) (Jan. 14, 2020) at 6.

When Dr. Burnison began testifying about the nature of J.B.'s delusions, J.B. asked "for a limitation under Evidence Rule 703,[1] unless the statements are made directly to Dr. Burnison." VRP (Jan. 14, 2020) at 6. Dr. Burnison stated that J.B. did not make any statements directly to her and her testimony was based upon the review of J.B.'s records. The superior court stated that it would "allow [the testimony] under 703" VRP (Jan. 14, 2020) at 7. J.B. then requested a continuing limitation under ER 703, which the superior court granted.

Dr. Burnison testified that J.B. believed a psychiatrist has him under mind control and he threatened to hire a hit man to kill her. J.B. also believed a dementia patient on the ward raped him and J.B. assaulted this other patient several times. Dr. Burnison testified that, on December 30, J.B. assaulted the other patient so severely he was placed on "one-to-one monitoring for danger to others." VRP (Jan. 14, 2020) at 8. And J.B. assaulted his roommate on two occasions in September.

Dr. Burnison also testified that J.B. had delusions regarding his medications. For example, J.B. insists he is taking Haldol despite being told numerous times that he is taking a different medication. J.B. is also on medication to treat Parkinson's disease. J.B. has called the poison control center to report the medication he is being given for Parkinson's is actually poison.

Dr. Burnison further testified that J.B. is very socially isolated on the ward. When he does interact with staff, such as his social worker or psychiatrist, he is focused on delusional issues.

---

[1] ER 703 states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

J.B. is also poor at managing daily activities. For example, the records noted that J.B. would go months without showering. Dr. Burnison characterized J.B.'s judgment as very poor and testified that he failed to display an understanding of his condition.

Dr. Burnison opined that J.B. would not be able to meet his basic health and safety needs outside of WSH. Dr. Burnison stated she formed the opinion

> [b]ecause he's not reality based. He's not able to interact with others enough in a reality-based manner to safely do things like find shelter, clothing, and interact with others.

VRP (Jan. 14, 2020) at 11.

The superior court made the following findings of fact:

**Findings of Fact**

. . . .

**2. Reason/s for Commitment.** Respondent suffers from a mental disorder. The diagnosis is Schizophrenia, Continuous, Severity 4 (delusions).

. . . .

**Is/Continues To Be Gravely Disabled and Respondent:**

- as a result of a mental disorder is in danger of serious physical harm resulting from the failure to provide for his/her essential needs of health or safety.

- as a result of a mental disorder manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over actions, is not receiving such care as is essential for health and safety.

**Facts in Support:**

The Court was advised of the Respondent's prior hospitalizations and detentions as follows: Per Testimony of Petitioner and Declaration in Support of Petition. Detained since 1988.

> The Respondent's current mental status examination reveals: declined to be interviewed, *expert witness based on ER 703 record states* respondent threatened to hire hit man, most recent 12/30/19 assaulted peer and was transferred, believes he is being poisoned, 9/4/19 assaulted roommate, isolated, does not engage in treatment, thinking is not reality based, delusional, poor hygiene, poor judgment & insight, unable to provide for his own health & safety, paranoid.

Clerk's Papers (CP) at 23-24 (emphasis added).

The superior court concluded that detention was warranted because J.B. continued to be gravely disabled. Based on its conclusion, the court ordered 180 days of involuntary commitment.

J.B. appeals.

## ANALYSIS

### A.    LEGAL PRINCIPLES

A person who is currently committed for involuntary treatment may subject to an additional 180 days of involuntary commitment if the person continues to be gravely disabled. RCW 71.05.320(4), (6). "'Gravely disabled' means a condition in which a person, as a result of a behavioral health disorder: (a) Is in danger of serious physical harm resulting from a failure to provide for his or her essential human needs of health or safety; or (b) manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety." RCW 71.05.020(24).[2]

The State bears the burden of establishing a person is gravely disabled by clear, cogent, and convincing evidence. *In re Det. of LaBelle*, 107 Wn.2d 196, 209, 728 P.2d 138 (1986). Clear, cogent, and convincing evidence means that the ultimate fact at issue is shown to be "highly

---

[2] RCW 71.05.020 has gone through numerous legislative amendments since January 2020. None of the legislative amendments make any material changes to the definition of grave disability. Accordingly, we cite to the most current version of the statute.

probable." *Id.* On appeal, "we will not disturb the trial court's findings of 'grave disability' if supported by substantial evidence which the lower court could reasonably have found to be clear, cogent and convincing." *Id.* We then determine whether the superior court's finding support its conclusions. *See id.*

B.      CHALLENGE TO SUPERIOR COURT'S FINDINGS

J.B. argues that the superior "court erred by ordering 180 days of involuntary treatment because the court's findings of fact were not supported by substantial evidence." Br. of Appellant at 1. J.B. did not assign error to any of the superior court's specific *findings of fact* as required by RAP 10.3(g). Rather, J.B. argues that the superior court improperly found facts based on testimony that was limited by ER 703.

Here, the factual findings J.B. challenges is simply a recitation of the evidence that the superior court relied on when making its ultimate findings of fact related to J.B.'s grave disability. Thus, to the extent a challenge to the evidence presented can even be considered a challenge to a "finding of fact," the superior court's recitation of the evidence is supported by substantial evidence because the superior court accurately recited Dr. Burnison's testimony. However, because the facts that J.B. challenges are simply a recitation of the evidence the superior court considered when making its findings on grave disability, it is not a finding of fact that can be challenged. *See In re Welfare of A.L.C.*, 8 Wn. App. 2d 864, 871, 439 P.3d 694 (2019) ("'If a determination concerns whether the evidence showed that something occurred or existed, it is properly labeled a finding of fact.'") (internal quotation marks omitted) (quoting *Goodeill v. Madison Real Estate*, 191 Wn. App. 88, 99, 362 P.3d 302). Therefore, we reject J.B.'s argument.

C.     CHALLENGES TO CONCLUSIONS OF LAW

J.B. argues that the superior court's legal conclusion that J.B. continued to be gravely disabled was not supported by its findings of fact.  We disagree.

J.B. has not assigned error to the superior court's findings of fact that J.B. continues to be gravely disabled.  RAP 10.3(g) states, "[a] separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number." Unchallenged findings of fact are verities on appeal.  *In re Det. of W.C.C.*, 193 Wn. App. 783, 793 n.5, 372 P.3d 179 (2016).

"'Gravely disabled' means a condition in which a person, as a result of a behavioral health disorder: (a) Is in danger of serious physical harm resulting from a failure to provide for his or her essential human needs of health or safety; or (b) manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety."  RCW 71.05.020(24).

Here, the following findings are verities on appeal:

**Findings of Fact**

. . . .

**2. Reason/s for Commitment.**  Respondent suffers from a mental disorder.  The diagnosis is Schizophrenia, Continuous, Severity 4 (delusions).

. . . .

**Is/Continues To Be Gravely Disabled and Respondent:**

- as a result of a mental disorder is in danger of serious physical harm resulting from the failure to provide for his/her essential needs of health or safety.

6

- as a result of a mental disorder manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over actions, is not receiving such care as is essential for health and safety.

CP at 23-24. J.B. has not assigned error to any of these findings. These unchallenged findings of fact support the trial court's conclusion that J.B. continues to be gravely disabled. Accordingly, the superior court's findings of fact support the superior court's conclusions of law.

## D. SUBSTANTIAL EVIDENCE SUPPORTS THE SUPERIOR COURT'S GRAVE DISABILITY FINDINGS

However, even if we interpret J.B.'s arguments as challenging the superior court's findings of fact, J.B.'s arguments fail.

### 1. RCW 71.05.020(24)(a)

Under the first prong of the gravely disabled definition, the State must prove J.B. "[i]s in danger of serious physical harm resulting from a failure to provide for his or her essential human needs of health or safety" because of a behavioral health disorder. RCW 71.05.020(24)(a). To meet its burden under this prong, the State must "present recent, tangible evidence of failure or inability to provide for such essential human needs as food, clothing, shelter, and medical treatment which presents a high probability of serious physical harm within the near future unless adequate treatment is afforded." *LaBelle*, 107 Wn.2d at 204-05.

Here, Dr. Burnison specifically testified, and the superior court found, that J.B. was "unable to provide for his own health & safety." CP at 24. Dr. Burnison based this opinion on J.B.'s inability to "interact with others enough in a reality-based manner to safely do things like find shelter, clothing, and interact with others." VRP (Jan. 14, 2020) at 11. This testimony is reflected in the superior court's determination that "thinking is not reality based." CP at 24.

Because J.B.'s thinking is not reality based, it would prevent him from being able to effectively communicate to secure housing, clothing, food, and medical treatment for his schizophrenia and Parkinson's. Therefore, the substantial evidence supports the superior court's finding that J.B. "is in danger of serious physical harm resulting from the failure to provide for his/her essential needs of health or safety." CP at 24.

2.      RCW 71.05.020(24)(b)

Under RCW 71.05.020(24)(b), a person is gravely disabled if his or her behavioral health disorder "manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety." This standard requires "proof of significant loss of cognitive or volitional control" and "a factual basis for concluding that the individual is not receiving or would not receive, if released, such care as is essential for his or her health or safety." *LaBelle*, 107 Wn.2d at 208.

Here, Dr. Burnison opined that J.B. would need to demonstrate an ability to get off of one-to-one monitoring before being able to be released to a less restrictive environment because of his "paranoid delusions that directly lead to physical aggression against others." VRP (Jan. 14, 2020) at 12. She based this opinion on the three assaults J.B. had initiated in the prior commitment period. Dr. Burnison's opinion that J.B. will not be ready for a less restrictive environment until he can get off monitoring and stop assaulting others, supports the superior court's finding that J.B. has exhibited repeated loss of cognitive and volitional control. Furthermore, Dr. Burnison testified to J.B.'s poor judgment and lack of insight, which provides a factual basis for concluding that J.B. would not receive appropriate care if released. *See LaBelle*, 107 Wn.2d at 208. Therefore, the superior court's finding that J.B. "manifests severe deterioration in routine functioning evidenced

by repeated and escalating loss of cognitive or volitional control over actions," and is not receiving essential care is supported by substantial evidence. CP at 24.

Thus, the superior court's findings of fact are supported by substantial evidence, and the superior court's findings of fact support the conclusion that J.B. is gravely disabled.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J.

We concur:

Maxa, J.

Veljacic, J.